# UNITED STATES DISTRICT COURT

## Southern District of Florida

Case Number: _____

DANIEL F. IWANSKI,,　　　　　　　　　　　Complaint—Class Action

　　　Plaintiff,

v.

BECKER & POLIAKOFF, P.A.,

　　　Defendant.

_____/

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

### NATURE OF ACTION

1.　　This is class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2.　　This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331.

3.　　Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where Defendant resides in this State and this district, where acts and transactions giving rise to Plaintiff's action occurred in this State and this district, and where Defendant transacts business in this State and this district.

### PARTIES

4.　　Plaintiff, Daniel F. Iwanski ("Plaintiff"), is natural person who at all relevant times resided in the State of Florida, City of Coral Gables.

5.　　Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Defendant, Becker & Poliakoff, P.A., ("Defendant"), is a for profit corporation[1] with a principal address of: 3111 Stirling Rd., Fort Lauderdale, FL 33312. Defendant may be served by and through its registered agent: Steven B. Lesser, 3111 Stirling Rd., Fort Lauderdale, FL 33312.

7. Defendant is a corporation which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6). *See e.g. Fuller v. Becker & Poliakoff, P.A.,* 192 F.Supp.2d 1361 (M.D. Fla. 2002).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant; namely, the United States Department of Education.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

---

[1] FEI/EIN Number 591640708.

13. Collections and Foreclosure has been an important part of Defendant's practice since its founding and remains so today. Throughout its statewide office network, there are numerous attorneys and paralegals dedicated exclusively to helping clients recover losses in a timely and cost-efficient manner.

14. Defendant handles a high volume of collection matters. Defendant handles thousands of collections matters each year, many of which result in filing foreclosures. In the overwhelming majority of these matters, the Firm recovers the property or secures full payment due.

15. Defendant's collections and foreclosure department utilizes a proprietary software system developed in house and specifically designed to meet its client's needs. The system promotes efficiency, reduces the possibility of errors, and automatically produces timely status reporting. Defendant's clients can check on the status of a particular collection matter twenty-four hours a day by simply accessing a secure internet web site.

16. Defendant maintains a separate Internet website, www.bpcollections.com, where its clients can check the status of all pending matters in collections or foreclosure.

17. On or about January 19, 2011, Defendant printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant. A true and correct copy of the January 19, 2011, letter is attached as Exhibit "A".

18. In relevant part, the January 19, 2011, letter reads:

> You have thirty (30) days from the date of receipt of this letter to dispute the validity of this claim, or any portion thereof. If we do not hear from you within the aforementioned thirty (30) days, we will assume that the debt is valid. If you do notify us within the 30-day period that you dispute this debt, or any portion thereof, we will obtain verification from the Department of education. A copy

> of that verification will be forwarded to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.
>
> You should be aware that the 30-day period within which you may dispute the debt or request information does not automatically suspend all proceedings on this claim; the right to pursue legal action still exists.

Exhibit "A".

19. On or about January 19, 2011[2], Defendant printed and mailed, or caused to be printed and mailed, a second letter to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant. A true and correct copy of the second January 19, 2011, letter is attached as Exhibit "B".

20. In relevant part, the second January 19, 2011, letter reads:

> You have thirty (30) days from the date of receipt of this letter to dispute the validity of this claim, or any portion thereof. If we do not hear from you within the aforementioned thirty (30) days, we will assume that the debt is valid. If you do notify us within the 30-day period that you dispute this debt, or any portion thereof, we will obtain verification from the Department of education. A copy of that verification will be forwarded to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.
>
> You should be aware that the 30-day period within which you may dispute the debt or request information does not automatically suspend all proceedings on this claim; the right to pursue legal action still exists.

Exhibit "B".

21. The two January 19, 2011, letters represent Defendant's initial written communication to Plaintiff.

---

[2] The first and second letter are both dated January 19, 2011.

22. The two January 19, 2011, letters each fail to provide the disclosures required by 15 U.S.C. § 1692g(a)(4) and 1692g(a)(5), and Defendant failed to provide Plaintiff with such disclosures within five (5) days thereafter.

23. Defendant, as a matter of pattern and practice, mails or sends, or causes to mailed or sent, communications to alleged debtors using language substantially similar or materially identical to that utilized by Defendant in mailing, or causing to be mailed, the two January 19, 2011, letters to Plaintiff, and as a matter of pattern and practice fails to provide the disclosures required by 15 U.S.C. § 1692g(a)(4) – (5), within five (5) days thereafter.

24. The January 19, 2011, letters are standardized form letters which, upon information and belief, were sent over the course of the past year by Defendant to at least 200 Florida consumers.

## CLASS ACTION ALLEGATIONS

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

26. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All persons located in Florida who, within one year before the date of this complaint, received a letter from Defendants in connection with an attempt to collect any consumer debt, where the letter was substantially similar or materially identical to the letters delivered to Plaintiff.

27. The proposed class specifically excludes the United States of America, the states of the 11th Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit and the Justices of the

United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

28. The class is averred to be so numerous that joinder of members is impracticable.

29. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

30. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

31. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. §1692 et. seq.; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

32. The claims of Plaintiff are typical of those of the class he seeks to represent.

33. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

34. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

35. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

36.     Plaintiff is willing and prepared to serve this Court and proposed class.

37.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

38.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

39.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B).  The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

40.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class.  Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

41.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

42.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

43. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692g(a)

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 43.

45. The FDCPA at section 1692g(a) provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing —
>
> *     *     *
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

15 U.S.C. § 1692g(a)(4).

46. Defendant violated 15 U.S.C. § 1692g(a) by failing to disclose in its January 19, 2011, letters, or within five days thereafter, the information required by 15 U.S.C. § 1692g(a)(4).

47. In particular, Defendant omitted from both letters the "in writing" requirement of § 1692g(a)(4).

48. Defendant's omission would reasonably lead the least sophisticated consumer to believe, erroneously, that a verbal dispute of the debt will protect her rights in obtaining verification. *See Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp. 2d 336, 340-41 (E.D.N.Y. 2002) ("Any consumer, not simply the least sophisticated consumer, who read this letter would not know that to secure her right to obtain verification of the debt and the identity of the original creditor, her dispute of the debt and request for the identity of the original creditor must be in writing."); *see also Nero v. Law Office of Sam Streeter, PLLC*, 655 F. Supp. 2d 200, 206 (E.D.N.Y. 2009) (same); *Welker v. Law Office of Daniel J. Horwitz*, 699 F.Supp.2d 1164 (S.D. Cal. 2010) ("Accordingly, there can be no dispute Defendant violated the FDCPA insofar as its dunning letter failed to advise [the plaintiff] that to be entitled to a verification of the debt under subsection (a)(4) or to obtain the name and address of the original creditor under subsection (a)(5) the request had to be in writing.").

49. "The least sophisticated consumer could certainly interpret Defendants' letter to Plaintiff to mean that she would obtain verification of the debt or the identity of the original creditor by contacting Defendants' at the telephone number provided. Without a statement that these requests must be in writing, the least sophisticated consumer is not simply uncertain of her rights under the statute, she is completely unaware of them." *Grief*, 217 F. Supp. 2d 336, 340-41 (E.D. N.Y. 2002). In addition, a consumer who is not informed of the writing requirements would be unable to avail herself of the protections afforded by Section 1692g(b). For example, if debt collector does not inform the consumer that a debt dispute must be in writing, the consumer could dispute the debt during a telephone call to the debt collector, but the debt collector would

not be required to cease its collection efforts and the consumer would not benefit from the protections afforded by the FDCPA. *See Id.*

50. This is particularly troubling in the context of Defendant's letters because they contain a separate provision about the effect of a dispute:

> You should be aware that the 30-day period within which you may dispute the debt or request information does not automatically suspend all proceedings on this claim; the right to pursue legal action still exists.

Exhibits "A, B".

51. The least sophisticated consumer would likely interpret the above provision in tandem with the defective § 1692g(a)(4) notice which omits the "in writing" requirement. This effectively reinforces the false notion that a request for verification is effective even if not in writing. Further, it implies that an oral dispute or oral request for verification will "suspend" some, but not all, "proceedings." This is false.

52. Defendant violated 15 U.S.C. § 1692g(a) by failing to disclose in its August 26, 2010, Letter, or within five days thereafter, the information required by 15 U.S.C. § 1692g(a)(4).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

   b. Adjudging that Defendant violated 15 U.S.C. § 1692g;

   c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

   d. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

  e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

  f. Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

53. Plaintiff is entitled to and hereby demands a trial by jury on all counts.

  Respectfully submitted,

  WEISBERG & MEYERS, LLC

  s/ Alex Weisberg
  Alex Weisberg (Fla. Bar. No. 0566551)
  aweisberg@attorneysforconsumers.com
  WEISBERG & MEYERS, LLC
  5722 S. Flamingo Road, Ste. 656
  Cooper City, FL 33330
  Telephone: (786) 245-8622
  Facsimile: (866) 577-0963
  Attorneys for Plaintiff Daniel F. Iwanski